IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLENHEIM GROUP, LLC, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No.: 1:11-CV-899 |
| v. | ) ) Judge Robert M. Dow, Jr. |
| GOLF GIFTS & GALLERY, INC., ET AL. | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Blenheim Group, LLC filed this *qui tam* action against Defendants Clark Recreation Ltd., JEF Manufacturing, Golf Gifts & Gallery, Inc., and John Doe, alleging violations of the false marking statute, 35 U.S.C. § 292.[1] Defendant Golf Gifts has filed a motion to dismiss the complaint [26] either for failure to state a claim or because § 292 is unconstitutional. Plaintiff has not responded to the motion. For the reasons set forth below, the Court grants Defendant's motion to dismiss [26] and dismisses Plaintiff's complaint without prejudice. Plaintiff may file an amended complaint consistent with this opinion by November 23, 2011.

**I.  Background**[2]

According to the allegations in the complaint, Golf Gifts manufactures, sells, and advertises various products, including the "Electric Putting Partner." Plaintiff alleges "upon

---

[1] Defendant Clark Recreation was dismissed from the case on January 5, 2011, and Defendants JEF Manufacturing and John Doe have never been served. Thus, the Court need only address Count III, which pertains to Golf Gifts. The remaining counts have the same allegations but pertain to the dismissed or unserved Defendants.

[2] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

information and belief" that the Electric Putting Partner bears U.S. Patent Nos. 3,030,113 (the "1962 patent") and 200650 (the "1965 patent"). Plaintiff also alleges "upon information and belief" that these two patents are expired.

## II.     Legal Standard for Rule 12(b)(6) Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555, 569 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 562. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III.    Analysis

Plaintiff filed this *qui tam* action under the false marking statute, which prohibits the use of expired patents in advertising a product. 35 U.S.C. § 292 provides in relevant part:

> (a) * * * * Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing

2

>that the same is patented for the purpose of deceiving the public * * * [s]hall be fined not more than $500 for every such offense.
>
>(b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

35 U.S.C. § 292(a), (b). In order to establish that a defendant intended to "deceiv[e] the public," as required by section 292(a), a plaintiff must show by a preponderance of the evidence that the defendant "did not have a reasonable belief that the articles were properly marked (*i.e.,* covered by a patent)." *Clontech Labs., Inc. v. Invitrogen Corp.,* 406 F.3d 1347, 1352–53 (Fed. Cir. 2005). "[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public." *Pequignot v. Solo Cup,* 608 F.3d 1356, 1362–63 (Fed. Cir. 2010).

False marking claims under § 292 are subject to Rule 9(b)'s heightened pleading standard. *In re BP Lubricants USA, Inc.,* 637 F.3d 1307, 1310–11 (Fed. Cir. 2011) ("Permitting a false marking complaint to proceed without meeting the particularity requirements of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that the defendant engage in more than negligent action."). Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); see also *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (fraud must be pled with particularity by providing the who, what, when, where, and how). Although knowledge and intent may be alleged generally, the complaint must allege "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp. v. Wal–Mart Stores, Inc.,* 575 F.3d 1312, 1327 (Fed. Cir. 2009).

As applied in false marking suits, Rule 9(b) requires the relator to allege that the defendant marked an unpatented item as patented with the intent to deceive the public. See

3

*Pequignot v. Solo Cup Co.,* 608 F.3d 1356, 1361–62 (Fed. Cir. 2010); *Forest Grp., Inc. v. Bon Tool Co.,* 590 F.3d 1295, 1300 (Fed. Cir. 2009). Settled law holds that "the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public." *Pequignot,* 608 F.3d at 1362–63. Accordingly, to properly allege deceptive intent, a complaint must "provide some objective indication to reasonably infer that the defendant was aware that the patent expired" yet continued to mark the patent on its products. *BP Lubricants,* 637 F.3d at 1311. The Federal Circuit has identified two non-exclusive examples that would satisfy this requirement: "[A] relator can, for example, allege that the defendant sued a third party for infringement of the patent after the patent expired or made multiple revisions of the marking after expiration." *Id.* at 1312.

In *BP Lubricants,* the plaintiff filed a § 292 action alleging that BP Lubricants USA had marked the bottles for its CASTROL motor oil products with the numbers of expired patents. The complaint alleged "upon information and belief" that "(1) BP knew or should have known that the patent expired; (2) BP is a sophisticated company that has experience applying for, obtaining, and litigating patents; and (3) BP marked the CASTROL products with the patent numbers for the purpose of deceiving the public." 637 F.3d at 1309. The Federal Circuit held that these allegations did not meet the requirements of Rule 9(b), explaining that the plaintiff's "bare assertion [that BP is a sophisticated company] provides no more of a basis to reasonably distinguish a viable complaint than merely asserting the defendant should have known the patent [had] expired. Conclusory allegations such as this are not entitled to an assumption of truth at any stage in litigation." *Id.* at 1312 (citing *Ashcroft,* 129 S.Ct. at 1952) (finding that district court was "clearly incorrect" when it relied on the relator's general allegation that BP knew or should have known that the patent expired).

The allegations in Plaintiff's complaint are nearly identical to the statements that the Federal Circuit rejected in *BP Lubricants*. Plaintiff alleges: "Upon information and belief, Golf Gifts & Gallery, Inc. * * * is a sophisticated company with extensive experience manufacturing and/or marketing patented devices for sale to the general public." The complaint further alleges "upon information and belief" that Golf Gifts "knew or should have known" that the 1962 and 1965 patents were "expired and/or that it never held rights to such patent[s]." These allegations, like those in *BP,* provide no reasonable basis for inferring that Golf Gifts was aware that the 1962 and 1965 patents had expired. Because Plaintiff has provided only generalized allegations, rather than specific underlying facts from which the court can reasonably infer the requisite intent, the complaint fails to meet the pleading requirements and will be dismissed.[3]

## IV. Conclusion

For these reasons, the Court grants Defendant Golf Gift's motion to dismiss [26]. The dismissal is without prejudice at this time. Plaintiff is given until November 23, 2011, to replead if it believes that it can cure the deficiencies identified above. Should Plaintiff choose not to replead or be unable to cure the deficiencies, the case will be dismissed with prejudice. See *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("Generally, if a district court dismisses for failure to state a claim, the court should give the party one opportunity to try to cure the problem, even if the court is skeptical about the prospects for success"); *Waypoint*

---

[3] Defendant also argues that § 292 is unconstitutional because it violates the Take Care Clause of article two, section three of the Constitution (requiring the President to "take Care that the Laws be faithfully executed * * *."). It is unnecessary to address this issue at this time. See *Koger v. Bryan,* 523 F.3d 789, 801 (7th Cir. 2009) ("[F]ederal courts are supposed to do what they can to avoid making constitutional decisions, and strive doubly to avoid making unnecessary constitutional decisions.") (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP,* 256 F.3d 548, 552 (7th Cir. 2001)). Judicial restraint is particularly appropriate under these circumstances because the Federal Circuit has heard oral argument on the constitutionality of § 292 in *FLMC, LLC v. Wham–O, Inc.,* No. 2011–1067 (Fed. Cir.) (argued July 7, 2011), and a decision on this issue likely is forthcoming.

*Aviation Services, Inc. v. Sandel Avionics, Inc.*, 469 F.3d 1071, 1073 (7th Cir. 2006) ("dismissals under Rule 12(b)(6) logically are with prejudice").

Dated: November 4, 2011            _____
                                                             Robert M. Dow, Jr.
                                                             United States District Judge